Filed 6/24/14  P. v. Christopher CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>CHARLES WESLEY CHRISTOPHER,<br><br>        Defendant and Appellant. | B253488<br><br>(Los Angeles County<br>Super. Ct. No. KA081143) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Tia Fisher, Judge.  Affirmed.

Charles Wesley Christopher, in pro. per.; and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In December of 2007 defendant Charles Wesley Christopher entered a negotiated plea of no contest to a charge of possessing methamphetamine and admitted one of four prior strike conviction allegations. The charge was based upon an October 6, 2007 incident in which defendant "tossed" "three or four" baggies of methamphetamine. The plea agreement specified defendant would receive a second strike term of 32 months in prison if he appeared for sentencing as ordered, but a second strike term of 6 years if he did not appear at the appointed time. Defendant was released on his own recognizance and did not appear for sentencing. The trial court issued a bench warrant for his arrest in February of 2008. Defendant was arrested on that warrant in March of 2013.

Defendant moved to withdraw his plea, claiming his attorney did not advise him of the "options" of having his strike convictions dismissed or undertaking "programs." The trial court denied the motion and imposed the 6-year term specified in the plea agreement.

The trial court denied defendant's application for a certificate of probable cause, and this court allowed him to file a belated notice of appeal.

After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. Defendant filed a supplemental brief explaining how he had reformed his life during the five years he was at large and asking this court to "modify [his] sentence to impose the original 32 month sentence, or perhaps consider striking the strike and imposing probation."

Defendant's no contest plea and failure to obtain a certificate of probable cause limit the potential scope of defendant's appeal to "grounds that arose after entry of the plea and do not affect the plea's validity" or "the denial of a motion to suppress evidence under Penal Code section 1538.5." (Pen. Code, § 1237.5; Cal. Rules of Court, rule 8.304(b).) We have examined the entire record and have found that no arguable issues of any sort exist, let alone issues cognizable without a certificate of probable cause. We are satisfied that defendant's attorney has fully complied with his responsibilities. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

This court has no power to dismiss the strike defendant admitted, grant him probation, or, in the absence of sentencing error, modify defendant's sentence.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                                        MILLER, J.*

We concur:


ROTHSCHILD, Acting P. J.


JOHNSON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.